THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LEON BERG *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 61505-61510 cons.

Opinion filed June 9, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Edward V. Vienuzis, Assistant State's Attorneys, of counsel), for the People.

Sherman, Schachtman & Stein, of Chicago, for appellee Leon Berg and Burton B. Levitz.

James J. Doherty, Public Defender, of Chicago (John X. Breslin and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellees Larnell Lowery and James Smith.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendants Leon Berg and Burton B. Levitz were each charged in two complaints with theft and receiving stolen property, namely 61 water meters. Defendants Larnell Lowery and James Smith were each charged in single complaints with theft of 61 water meters. Each of these six charges was brought by way of separate complaints stemming from the seizure of certain water meters from, and the arrest of, defendant Larnell Lowery. At a preliminary hearing all four defendants entered motions to suppress evidence seized by the arresting officer, as charged in the six complaints. Such evidence is said to have arisen from the search and

should be classified as "fruits of the poisonous tree." The trial judge sustained the defendants' four motions, finding the evidence in question to be the product of an illegal search. The State has taken this appeal from the ruling on the motions. On motion of the State, appellate cases 61505, 61506, 61507, 61508, 61509 and 61510 were consolidated on appeal. These six appeals concern four appellees.

The issue is whether evidence produced by the defendants made a *prima facie* case that police lacked probable cause to arrest, thereby shifting to the State the burden of proving the evidence was in plain view.

On November 4, 1974, Officer James McMullen observed defendant Lowery standing next to a baby stroller, which had bent wheels and contained an army duffel bag. Officer McMullen also observed a trail of water presumably leading from the rear wheels of the stroller to a place about one city block away. Defendant Lowery was holding a leather shopping bag in his hand. He placed the shopping bag down next to the stroller and walked away. Officer McMullen approached defendant Lowery and questioned him as to his actions. He responded by stating he had just left his house, which was about seven blocks away, and was going to take a bus to work. Officer McMullen then examined the duffel bag and found it contained water meters. Defendant Lowery was placed under arrest, taken to the police station and charged with theft. Nowhere in the report of proceedings, nor in any of the briefs, is there any mention whatsoever of the 61 water meters charged in the six separate complaints. It is therefore necessary that this opinion be rendered based upon a record which includes an incomplete statement of facts.

The State argues the defendant bears the burden of proving a search was conducted and defendant failed to prove the evidence was the product of a search.

■■■ We recognize the defendant bears the burden of proving the search and seizure were unlawful (Ill. Rev. Stat. 1973, ch. 38, par. 114—12(b)). However, evidence produced by the defendants showing (1) the police had no warrant, (2) defendant was not seen committing a crime when stopped, and (3) the officer was not aware of any crime having been committed, made a *prima facie* case that the police lacked probable cause to arrest, thereby shifting to the State the burden of proving the evidence was in plain view. (See *People v. Cassell* (1968), 101 Ill. App. 2d 279, 243 N.E.2d 363.) Since the State failed to prove the incriminating evidence was in plain view, it was proper for the trial judge to suppress such evidence from introduction at trial.

After hearing all of the evidence on this matter, the trial judge did find a search was conducted. Irrespective the burden of proof question, a review of the record reveals ample evidence to sustain the trial judge's

finding the existence of a search and an absence of evidence tending to sustain the State's plain view theory.

The State's reply brief raises the issue of abandonment of the incriminating property by defendant Lowery. Illinois Supreme Court Rule 341(e)(7) provides any point not argued in the opening brief is considered waived and cannot be asserted either in the reply brief, in oral argument or on rehearing. Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(7).

Although the issue of abandonment is not properly before us, it is our opinion the State failed to carry its burden of proving the incriminating property was abandoned.

For the foregoing reasons, the ruling of the Circuit Court of Cook County is hereby affirmed as to all cases.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.